Jed Manwaring ISB #3040
Victor Villegas ISB# 5860
EVANS KEANE LLP
1405 West Main
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
e-mail: jmanwaring@evanskeane.com
        vvillegas@evanskeane.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| KAREN WHITE. an individual, and ELKHORN, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>VALLEY COUNTY, a political subdivision of the State of Idaho.<br><br>Defendant. | Case No. 1:09-cv-00494 |

AFFIDAVIT OF KAREN WHITE IN SUPPORT OF
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA  )
                  ) ss.
County of Levy    )

KAREN WHITE, being duly sworn upon oath deposes and says as follows:

1.   I am an adult over the age of eighteen (18) and have personal knowledge of the facts set forth herein.

2.   I am domiciled in the State of Florida and am a citizen of the United States and of the State of Florida. I own a home in Florida with an address of 11791 N.W. 132nd Place,

Chiefland, FL 32626. My mailing address is P.O. Box 1296, Chiefland, Florida, 32644. I satisfied a previous mortgage on my home and received a notice of satisfaction of mortgage at my physical address, a true and correct copy of which is attached as Exhibit A. I have lived in Florida for 9 years and in this home for that time, and I intend to remain domiciled in Florida indefinitely. I have a driver's license issued by the State of Florida, a true and correct copy of which is attached as Exhibit B. I am registered to vote by the State of Florida in Levy, County Florida, a true and correct copy of my voter registration is attached as Exhibit C. My federal income tax return is submitted identifying my domicile and residence as my home in Florida, a true and correct copy of relevant portions of my 2009 Federal Income Tax Return is attached as Exhibit D. Vehicles that I own are registered by the State of Florida, true and correct copies of my vehicle registrations are attached as Exhibit E. I receive a "homestead exemption" from the State of Florida, a true and correct copy of which is attached as Exhibit F. I am employed by a company in the State of Florida and work an average of thirty-five (35) hours a week for five (5) days a week for my employer, a true and correct copy of my most recent paycheck stub is attached as Exhibit G. I am a member of the Florida Forestry Association and the Florida Cattlemen's Association. A true and correct copy of my membership invoice for the Florida Forestry Association is attached as Exhibit H.

    3.    I was the initial developer of a multi phase residential subdivision project called White Cloud Subdivision located in Valley County, Idaho. I developed Phase 1 of White Cloud Subdivision. I assigned Phase 2 and all subsequent phases of White Cloud Subdivision to Elkhorn LLC ("Elkhorn"). Elkhorn is a limited liability company organized under the laws of the State of Florida with its principal place of business in Chiefland, Florida, and is registered as a foreign company with the Idaho Secretary of State. I am a manager of Elkhorn. I did not

assign, sell or otherwise convey to Elkhorn any rights, obligations or any legal claim I have with regard to Phase 1 of White Cloud Subdivision.

4. I retained the services of Scott Findlay of McCall, Idaho as my authorized agent and to represent us in the application approval process in Valley County, Idaho for purposes of developing Phase 1 of White Cloud Subdivision. I provided instructions to Mr. Findlay and approved Mr. Findlay's actions and decision on behalf of us from my residence and domicile in Chiefland, Florida. Additionally, I consulted extensively with my husband, Luther White, in the development of Phase 1 and my husband also spoke with and provided instructions to Mr. Findlay with regard to the development of Phase 1.

5. Elkhorn likewise retained Scott Findlay as Elkhorn's authorized agent and to represent Elkhorn in the application approval process in Valley County, Idaho for purposes of developing Phase 2 of White Cloud Subdivision. As a manager of Elkhorn, I provided instructions to Mr. Findlay and approved Mr. Findlay's actions and decisions on behalf of Elkhorn from Elkhorn's principal place of business in Chiefland, Florida.

6. On or about May 2005, I was granted approval of a conditional use permit titled Conditional Use Permit No. 05-17 for Phase 1 of White Cloud Subdivision. A true and correct copy of the Conditional Use Permit is attached hereto as Exhibit I.

7. As a condition of approval of the conditional use permit, I was informed that I was required by Valley County to enter into a written agreement with the Valley County Board of County Commissioners to mitigate traffic impacts on roadways attributable to Phase 1 of White Cloud Subdivision. I was not informed at this time that the Road Development Agreement would require that I pay a Road Development Fee, I was only informed that I would be required to enter into the Road Development Agreement with Valley County. Only after receiving a conditional use permit was I informed that I would be required to pay the Road

AFFIDAVIT OF KAREN WHITE IN OPPOSITION TO SUMMARY JUDGMENT - 3

Development Fee. I was required to enter into the Road Development Agreement and pay the Road Development Fee before any hearing was scheduled for final approval of my plat for Phase 1 of White Cloud Subdivision by the Valley County Commissioners. I was not made aware of the amount of the Road Development Fee until the Road Development Agreement was presented to me for my signature.

8. At no time did I discuss or negotiate the Road Development Agreement with Gordon Cruikshank or any other Valley County official or representative that Valley County required me to enter into as a condition to approving the final plat for Phase 1. At no time did I discuss or negotiate the Road Development Fee or the amount of the fee with Gordon Cruikshank or any other Valley County official or representative that Valley County required me to pay as a condition to approving the final plat for Phase 1.

9. Mr. Findlay, as my representative, at no time informed me that he had met with Gordon Cruikshank or any other Valley County official or representative to for purposes of discussing or negotiating the Road Development Agreement for Phase 1 or the fee under the Agreement. At no time did I authorize Mr. Findlay to enter into such discussions or negotiations with Gordon Cruikshank or any other Valley County official or representative.

10. On or about June 26, 2006, I entered into a Road Development Agreement with the Valley County Board of Commissioners, which required me to pay money for a proportionate share of the road improvement costs attributable to traffic generated by Phase 1 of White Cloud Subdivision. According to the terms of the Road Development Agreement, I was required to contribute money to road impact mitigation as established by Valley County, which was due at the time of final plat approval for Phase 1 of White Cloud Subdivision. A true and correct copy of the Road Development Agreement is attached hereto as Exhibit J.

11. The Road Development Agreement contains a fee schedule or table that dictates how much the Road Development Fee will be based on the number of lots to be developed. At my instruction, on or about July 21, 2006, Mr. Findlay issued a check to Valley County for One Hundred Sixty-Six Thousand Four Hundred Ninety-Six and no/100 Dollars ($166,496.00) for payment under the Road Development Agreement and the fee table. This amount was not negotiated, nor was I given an option of not paying this amount. I expressed to Mr. Findlay that I did not agree with this fee required by Valley County nor was I paying it voluntarily, but that I had no other choice but to pay the fee, and I instructed Mr. Findlay to express my position to the Valley County Board of County Commissioners and/or the Valley County Planning and Zoning Department. After discussion with my husband, Luther White, I also instructed Mr. Findlay to request that I pay the Road Development Fee as each lot was sold in Phase 1 of White Cloud Subdivision instead of in one lump sum. Mr. Findlay reported to me that he made that request and was denied.

12. Elkhorn is currently in the process of completing Phase 2 of White Cloud Subdivision. Valley County has once again sought the payment of monies for the proportionate share of road improvement costs attributable to traffic generated by Phase 2 of White Cloud Subdivision as a condition to it signing and recording the final plat for Phase 2 of White Could Subdivision. I have not discussed or negotiated the Road Development Agreement or the Road Development Fee or the amount of the fee with Gordon Cruikshank or any other Valley County official or representative that Valley County is requiring Elkhorn to enter into and pay as a condition to approving the final plat for Phase 2. I will not voluntarily pay the Road Development Fee for Phase 2 of White Cloud Subdivision.

13. Likewise, Mr. Findlay, as a representative of Elkhorn, has not informed me that he has met with Gordon Cruikshank or any other Valley County official or representative for

AFFIDAVIT OF KAREN WHITE IN OPPOSITION TO SUMMARY JUDGMENT - 5

purposes of discussing or negotiating the Road Development Agreement for Phase 2 or the fee under the Agreement. At no time have I authorized Mr. Findlay to enter into such discussions or negotiations with Gordon Cruikshank or any other Valley County official or representative with regard to a Phase 2 Road Development Agreement or fee to be paid under that Agreement.

_____
KAREN WHITE

SUBSCRIBED and SWORN to before me this 27th day of September, 2010.

_____
Notary Public for Florida
Residing in Levy County
My Commission Expires: 2/13/14

DAWN SUMMERS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# DD957656
Expires 2/2/2014

AFFIDAVIT OF KAREN WHITE IN OPPOSITION TO SUMMARY JUDGMENT - 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of October, 2010, I filed the foregoing AFFIDAVIT OF KAREN WHITE IN OPPOSITION TO SUMMARY JUDGMENT electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Jed W Manwaring,** jmanwaring@evanskeane.com,jharrison@evanskeane.com

- **Victor Villegas,** VVillegas@evanskeane.com

- **Matthew C Williams,** matt@williamslawoffice.net

- **Christopher H Meyer,** chrismeyer@givenspursley.com, caraleah@givenspursley.com

- **Martin C Hendrickson**
  mch@givenspursley.com,lisahughes@givenspursley.com


                                                      /s/    Victor Villegas
                                                      Victor Villegas