Jed Manwaring ISB #3040
Victor Villegas ISB# 5860
EVANS KEANE LLP
1405 West Main
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
e-mail: jmanwaring@evanskeane.com
vvillegas@evanskeane.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| KAREN WHITE. an individual, and ELKHORN, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>VALLEY COUNTY, a political subdivision of the State of Idaho.<br><br>Defendant. | Case No. 1:09-cv-00494 |

AFFIDAVIT OF DAN R. BRUMWELL

STATE OF WASHINGTON   )
                       ) ss.
County of_____)

DAN R. BRUMWELL, being duly sworn upon oath deposes and says as follows:

1. That I am an adult over the age of eighteen (18) years, that I am a resident of Liberty Lake, Washington, and that I have personal knowledge of the facts set forth in this Affidavit.

2. My wife and I applied to Valley County for a conditional use permit ("CUP") to construct the Little Pearsol Estates Subdivision located in Valley County. My application was

AFFIDAVIT OF DAN R. BRUMWELL - 1

approved by the Valley County Planning and Zoning Commission on September 1, 2005, and CUP No. 05-42 was issued to me, effective August 30, 2005. A true and correct copy of the CUP is attached to this Affidavit as Exhibit A.

3. Condition No. 6 of the CUP states that I shall enter into a Development Agreement with Valley County. In fulfilling the conditions of the CUP and in order to obtain approval of the final plat for Little Pearsol Estates Subdivision, I was required to enter into a Road Development Agreement with Valley County and either pay the fee calculated by Valley County Engineer for the Little Pearsol 2006 Capital Improvement Area where Little Pearsol Estates Subdivision is located, or dedicate right-of-way and construct in-kind roadway improvements to Little Pearsol Road in lieu of paying the fee.

4. I did not offer to pay a fee, dedicate a right-of-way or construct in-kind improvements to mitigate for any impacts on county roadways attributable to traffic generated by Little Pearsol Estates Subdivision. Rather, Valley County required me to enter into the Road Development Agreement pursuant to the conditions placed on its CUP.

5. I have reviewed the Declaration of Gordon Cruikshank, filed in the above-identified case, in which Mr. Cruickshank asserts that Valley County's "program is based on voluntary contributions corresponding to the proportionate share of individual development projects." At no time in my meetings and interactions with any Valley County representative with regard to my CUP was I told or advised that the Road Development Agreement and payment of the fee was voluntary, or that I had an option not to enter into the Road Development Agreement. At no time in my meetings or interactions with Valley County representatives with regard to my CUP was I told or advised that the fee paid under the Road Development Agreement was negotiable or that I could elect not to pay a fee or not to construct in-kind improvements. At no time in my meetings or interactions with Valley County representatives

AFFIDAVIT OF DAN R. BRUMWELL - 2

with regard to my CUP was I told or advised that the contents of the Road Development Agreement were negotiable or that I could strike certain parts or provisions of the Road Development Agreement.

6. Since Valley County imposed the Road Development Agreement and the associated fee, dedication of right-of-way or in-kind construction as a condition to receive a final plat, I believed that Valley County had legal authority to do so. Had I been advised by Valley County that payment of the fee, dedication of right-of-way or in-kind construction under the Road Development Agreement was negotiable or that I had an option not to pay the fee, dedicate a right-of-way or construct in-kind roadway improvements, I would not have signed the Road Development Agreement nor pay a fee, dedicate a right-of-way or construct roadway improvements on Little Pearsol Road.

7. I and my engineer Joe Pachner met with representatives of Valley County's Road Department and Planning and Zoning to explain that the fees being assessed as mitigation for impacts on county roads should not apply to my project because its main access was primarily state highway. During those meetings we were never informed that this Capital Improvements Program and the resulting Road Development Agreement was voluntary or otherwise not required. Simply put, I was required to give something of value whether it be money, property or in-kind construction to mitigate for impacts that my development placed on county roads.

8. I signed the Road Development Agreement on May 22, 2006. A true and correct copy of the Road Development Agreement is attached to this Affidavit as Exhibit B. Under the Road Development Agreement I had to pay Thirty Thousand Seven Hundred Twenty and no/100 Dollars ($30,720.00). In lieu of paying money directly to Valley County, I could dedicate right of way along Little Pearsol Road and provide in-kind construction to a portion of Little Pearsol Road as a means of meeting the $30,720.00 fee. I opted to dedicate the right-of-way and pay for

AFFIDAVIT OF DAN R. BRUMWELL - 3

and undertake the construction of in-kind improvements to Little Pearsol Road instead of paying the fee directly to Valley County.

9. I did not voluntarily enter into the Road Development Agreement with Valley County or voluntarily incur the costs of the in-kind construction under the agreement. I did so only because Valley County required it as a condition to approval of the final plat for Little Pearsol Estates.

_____
DAN R. BRUMWELL

SUBSCRIBED and SWORN to before me this 6 day of Oct, 2010.

_____
Notary Public for ~~Idaho~~ Washington
Residing in Spokane, WA
My Commission Expires: 15 June 2014

AFFIDAVIT OF DAN R. BRUMWELL - 4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of October, 2010, I filed the foregoing AFFIDAVIT OF DAN R. BRUMWELL electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Jed W Manwaring,** jmanwaring@evanskeane.com,jharrison@evanskeane.com

- **Victor Villegas,** VVillegas@evanskeane.com

- **Matthew C Williams,** matt@williamslawoffice.net

- **Christopher H Meyer,** chrismeyer@givenspursley.com, caraleah@givenspursley.com

- **Martin C Hendrickson**
  mch@givenspursley.com,lisahughes@givenspursley.com


                                          /s/     Victor Villegas
                                       Victor Villegas